UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE LEE STEWART,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 14-11121
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [14], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

Plaintiff Joe Stewart suffers from a number of medical conditions including diabetes, obesity, and chronic obstructive pulmonary disease ("COPD"). Based on his impairments, Stewart sought social security disability benefits. An administrative law judge acting on behalf of Defendant Commissioner of Social Security concluded that Stewart was not under a "disability" within the meaning of the Social Security Act. Stewart appealed that decision here. Stewart's and the Commissioner's motions for summary judgment were referred to Magistrate Judge R. Steven Whalen, who recommends that the Court affirm the ALJ's disability determination. Stewart objects.

Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Stewart has objected, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will adopt the recommendation of the magistrate judge for the reasons explained below.

I.

Stewart first objects that the magistrate judge erred in concluding that substantial evidence supported the ALJ's rejection of the opinion of his treating physician, Dr. Todd Otten. (Dkt. 15, Pl.'s Obs. at 1–5.) The basis for Stewart's objection is that his testimony, along with certain medical evidence submitted to the ALJ, showed that his COPD was severe, which, in turn, supports Dr. Otten's opinion. (*Id.*) The problem for Stewart, however, is that he did not put this argument to the magistrate judge. True, in his summary-judgment brief he argued that the ALJ erred in evaluating Dr. Otten's opinion. But Stewart did so by (1) arguing that Dr. Otten opined that he could lift only ten pounds occasionally, (2) asserting that this limitation meant that he was limited sedentary work (as opposed to the ALJ's light-work assessment), (3) reciting two pages of law pertaining to the treating-physician rule, and (4) stating, "Here, the ALJ's rejection of Dr. Otten's Medical Source Statement constitutes reversible error." (Dkt. 12, Pl.'s Mot. Summ. J. at 5–8.) Yet, in his objections, he now makes clear that the *reason* backing this conclusory statement was the severity of his COPD. (Pl.'s Obs. at 5.) Stewart should have provided that reason to the magistrate judge. He did not, and that disposes of his first objection. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived." (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)); *Jones-Bey v. Caruso*, No. 1:07-CV-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009) ("[T]he Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."); *Mitchell v. Cnty. of Washtenaw*, No. 06-13160, 2009 WL 909581, at *4 (E.D. Mich. Mar. 31, 2009) (citing cases to demonstrate that "Courts generally will not consider arguments on review that were not raised before the magistrate judge.").

And even if the Court did not find the argument forfeited, the Court would not find it meritorious. Dr. Otten provided that he limited Stewart to lifting ten pounds because of "arthritis in hands/wrist[;] pain in knees." (Tr. 233.) Stewart's COPD-related evidence does not lend much support to a limitation that Dr. Otten did not premise on COPD—at least not to the extent that the ALJ treating-physician analysis warrants reversal or remand. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)); *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) ("[T]he procedural rule is not a procrustean bed, requiring an arbitrary conformity at all times. If the ALJ's opinion permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion, strict compliance with the rule may sometimes be excused.").

## II.

Stewart's second objection to the magistrate judge's report and recommendation is stronger. He points out that the ALJ repeatedly drew inferences adverse to him because he had not quit smoking. (Pl.'s Objs. at 6–13.) For example, the ALJ stated:

> Again, the treatment report indicated that the claimant continued his smoking abuse and marijuana use, even with his COPD condition. He had uncontrolled diabetes, which was stabilized, and the condition remained stable as reported in the March 2013 follow up office visit report of Dr. Otten (Exhibits B2F, B4F, and B5F).
>
> Additionally, the undersigned takes judicial notice of the massive body of medical opinion regarding the effects of cigarette smoking. The United States [Court] of Appeals for the Sixth Circuit has held that a claimant was not entitled to benefits where she ignored the instructions of her physician to lose weight and to stop smoking. The Court stated that the Social Security Act did not repeal the principal of individual responsibility. *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 480 (6th Cir. 1988).

3

> While the February 2013 and March 2013, office visit reports indicated a worsening dyspnea on exertion, shortness of breath, and wheezing, the medical evidence establishes that the claimant admittedly continued to smoke several cigarettes per day, which along with his obesity, undoubtedly contributes to his breathing problems (Exhibits B1F, B2F, B4F; and B5F). Then during his hearing, the claimant testified that he continues to smoke.

(Tr. 16.)[1] Stewart asserts that the ALJ's reliance on *Sias* and the inferences about his credibility drawn from his continued smoking habit were error: "Ignoring the overwhelming public evidence that smoking is a *legal* addiction, the ALJ and the Magistrate appear to conclude that Joe Stewart's medical conditions must not be as bad as he says; presumably, if they were, he would quit!" (Pl.'s Objs. at 8.) In support of this claim, Stewart relies on *Seals v. Barnhart*, which held that "due to the addictive nature of cigarettes, failing to stop smoking would not necessarily support a finding that the plaintiff's testimony was not credible even if a link between smoking and her symptoms was shown." 308 F. Supp. 2d 1241, 1250 (N.D. Ala. 2004); (Pl's Objs. at 12 n.1 (citing *Seals*); *see also* Pl.'s Mot. Summ. J. at 17 n.1 (citing *Seals*)).

In addressing Stewart's claim that the ALJ erred in relying on *Sias*, the magistrate judge reasoned,

> [Stewart] contends that in *Sias*, the Court held that the claimant's purchase of cigarettes (rather than support hose required to treat his condition) could be used to discredit the disability claim. Plaintiff notes that in this case, his tobacco use did not prevent him from purchasing required medication or devices used to treat his condition.
>
> However, the observation in *Sias* that Plaintiff bought cigarettes instead of support hose is secondary to the case's primary holding that a claimant's failure to discontinue tobacco use against medical advice stands at odds with allegations of disability as a result of COPD. [citations omitted.] While the transcript shows that

---

[1] It is not clear how strongly Dr. Otten advised Stewart to stop smoking. But Dr. Otten's treatment notes from February 7, 2013, did state, "Assessment: . . . 6. Exertional dyspnea – 786.09 [patient] non[]compliant with overall regimen and limited on funds, yet continues to smoke . . . ." (Tr. 225.) At his social security disability benefits hearing, Stewart testified that he was trying to quit smoking, but he had "smoked for many years," since age "ten or eleven[.]" (Tr. 31.)

4

> Plaintiff experienced financial limitations since losing his job as a janitor, he was offered free assistance in smoking cessation at the time of his February, 2013 hospitalization (Tr. 273). The subsequent records contain no indication that Plaintiff accepted the offered assistance or otherwise attempted to reduce his tobacco use following the hospital stay. Plaintiff's November, 2013 testimony that he smoked 15 cigarettes a day is consistent his February, 2013 statement that he smoked between 11 and 20 cigarettes a day (Tr. 22). Although Plaintiff testified that the COPD was partially attributable to his prior exposure to work-related airborne hazards, he acknowledged that his breathing was less labored during a hospitalization where he did not smoke (Tr. 39- 40). For these reasons, the ALJ did not err in finding that Plaintiff's tobacco use undermined the claim of disability as a result of COPD.

(Report and Recommendation at 15.)

Stewart has not persuaded the Court that this reading of *Sias* is error. In *Sias*, the claimant smoked two packs of cigarettes per day, was overweight, and had blood-flow problems in his left leg resulting in edema. *See* 861 F.2d at 476–77. A doctor had advised that the claimant buy special stockings that would aid blood circulation in the leg. *Id.* at 477. Although it appears that the ALJ did not discount the claimant's credibility based on the claimant's failure to quit smoking, in finding that there was substantial evidence to support the ALJ's disability determination, the Sixth Circuit found the failure-to-quit relevant:

> The claimant's style of life is not consistent with that of a person who suffers from intractable pain or who believes his condition could develop into "a very quick life-threatening situation." The claimant admitted to the ALJ that he was at least 40 pounds overweight; ignoring the instructions of his physician, he has not lost weight. He claims he has not worn the support hose his physician prescribed to alleviate swelling because support hose would cost too much—yet the claimant admits that against the advice of his doctor he smokes two packs of cigarettes a day. Taking judicial notice of the monetary cost of this dangerous habit, we calculate that the cost of the hose could have been covered by the savings the claimant would realize if he gave up cigarettes.
>
> As to the health cost of a two-pack-a-day habit, the claimant argues that "there is no medical evidence in the record establishing a relationship between the plaintiff's impairment and cigarette smoking." Again, however, we can take judicial notice of the massive body of medical opinion supporting the advice the claimant received from his doctor on the subject of cigarette smoking.

*Sias*, 861 F.2d at 480 (footnote omitted). The Sixth Circuit underscored this last point:

> The Social Security Act did not repeal the principle of individual responsibility. Each of us faces myriads of choices in life, and the choices we make, whether we like it or not, have consequences. If the claimant in this case chooses to drive himself to an early grave, that is his privilege—but if he is not truly disabled, he has no right to require those who pay social security taxes to help underwrite the cost of his ride.

*Id.* And if these passages from *Sias* were not alone enough to convince the Court that the magistrate judge read that case appropriately, non-binding authority from this Circuit persuades. *Blaim v. Comm'r of Soc. Sec.*, No. 14-1110, 2014 WL 6997509, at *3 (6th Cir. Dec. 11, 2014) ("[T]he ALJ noted that parts of Blaim's testimony were contradicted by the record, and that Blaim's conservative treatment schedule and persistent refusal to take his medications or quit smoking—as his doctors repeatedly advised—suggested that his condition was not as serious as Blaim made it out to be. . . . Blaim's persistent noncompliance with his medication and his persistent disregard of his doctors' advice, moreover, suggested that his conditions were not as severe as he made them out to be." (citing *Sias*, 861 F.2d at 480)); *Brown v. Soc. Sec. Admin.*, 221 F.3d 1333 (table), 2000 WL 876567, at *1 (6th Cir. 2000) ("Although Brown suffers from chronic obstructive pulmonary disease, his heavy smoking habit indicates that the condition is not disabling." (citing *Sias*, 861 F.2d at 480)); *Marshall v. Comm'r of Soc. Sec.*, No. 13-CV-14255, 2015 WL 777940, at *7 (E.D. Mich. Feb. 24, 2015) (recognizing that in *Shramek v. Apfel*, 226 F.3d 809 (7th Cir. 2000), the Seventh Circuit held, in part because of the addictive nature of cigarettes, that an ALJ erroneously relied on a claimant's failure to quit smoking to discount the claimant's credibility, but concluding that the "Sixth Circuit . . . has taken a different approach and considers whether a claimant has followed a physician's advice to quit smoking to be a relevant factor in evaluating the claimant's credibility" (citing cases including

*Sias* and *Brown*)). As such, the Court agrees with the magistrate judge's interpretation of *Sias*'s holding.

Stewart's attempt to factually distinguish *Sias* is not convincing. He points out that he suffers from COPD, while the claimant in *Sias* suffered from a thrombosis. This factual difference matters, says Stewart, because the Social Security Administration's Listings of Impairments provides for presumptive disability based on COPD without concern for cause: "Chronic obstructive pulmonary disease *due to any cause*, with the FEV1 equal to or less than the values specified in table I corresponding to the person's height without shoes." 20 C.F.R. 404, Subpart P, App'x 1 § 3.01A (emphasis added); (Pl.'s Objs. at 11). But it does not necessarily follow that simply because the Administration has determined that certain severe COPD can be disabling regardless of its cause, that it is impermissible for an ALJ to consider the cause or factors exacerbating the condition in determining the severity of COPD.

The Court thus overrules Stewart's second objection to the report and recommendation.

### III.

In sum, having reviewed the report and recommendation (Dkt. 14) and Stewart's two objections (Dkt. 15), the Court will ADOPT the report, DENY Stewart's motion for summary judgment (Dkt. 12), GRANT the Commissioner's motion for summary judgment (Dkt. 13), and affirm the disability determination of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). A separate judgment will issue.

SO ORDERED.

                                             s/Laurie J. Michelson
                                             LAURIE J. MICHELSON
                                             UNITED STATES DISTRICT JUDGE

Dated: March 16, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 16, 2015.

> s/Jane Johnson
> Case Manager to
> Honorable Laurie J. Michelson